Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 2322 | DATE | 8/5/2003 |
| CASE TITLE | Sompo Japan Insurance, Inc. vs. Alarm Detection Systems, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss Sompo Japan Insurance, Inc.'s Amended Complaint [8-1]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, Alarm Detection System Inc.'s Motion to Dismiss Sompo Japan Insurance Inc.'s Amended Complaint pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue is GRANTED [8-1]. All other motions are moot and terminated. This action is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| X | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 06 2003 date docketed | |
| | Docketing to mail notices. | | | 13 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| klb (lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOMPO JAPAN INSURANCE, INC., as Subrogee of JVC AMERICAS CORP., <br><br> Plaintiff, <br><br> v. <br><br> ALARM DETECTION SYSTEMS, INC., <br><br> Defendant. | No. 03 C 2322 <br><br> HONORABLE DAVID H. COAR <br><br> **DOCKETED** <br> AUG 0 6 2003 |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Sompo Japan Insurance Inc. ("Sompo") filed a four-Count Amended Complaint as subrogee of JVC Americas Corp. ("JVC") against Alarm Detection Systems, Inc. ("ADS") for breach of contract, negligence, willful and wanton misconduct, and relief under the Illinois Consumer Fraud and Deceptive Business Practice Act. Before this Court is ADS' motion to dismiss Sompo's Complaint pursuant to Rule 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Sompo's motion is granted.

I.  Factual Background

Sompo is a corporation duly organized under the laws of the Empire of Japan with a principal place of business in Japan. Sompo conducts business in the United States through Sompo Japan Claim Services (America), Inc., a New York corporation with a principal place of business in New York. Sompo is the insurer for JVC. JVC is a Foreign Corporation duly organized under the laws of the State of Delaware, with a principal place o business in New

Jersey. ADS is a corporate entity existing under the laws of the State of Illinois with a place of business and a corporate agent for service of process located in Aurora, Illinois.

On or about January 10, 1992, JVC entered into a contract with ADS for fire and burglary protection of JVC's Midwest Distribution Center in Aurora, Illinois. ADS was to install and, at all relevant times, monitor an alarm system and contact the police if this alarm system was triggered. On or about April 6, 2002, approximately 15,000 pieces of equipment worth approximately $7.5 Million were stolen from the JVC warehouse. Sompo, standing in the shoes of its insured JVC, filed an Amended Complaint against ADS seeking to recover $7.5 million paid by Sompo to JVC under contract of insurance following the theft of property from JVC's Midwest Distribution Center.

II. Discussion

The contract entered into by the parties includes a forum selection clause, which states that the parties agree that "venue shall be proper in Kane County, Illinois should any portion of this contract have to be legally enforced." It is well-settled that contractual forum selection clauses are prima facie valid, M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1977), and that interpretation of such a clause is a matter of federal law. Vijuk Equip. Corp. v. Guk-Falzmaschinen Greisser & Kunzmann, GmbH & Co., 902 F.Supp. 162, 163-64 (N.D.Ill.1995). Further, the Court will honor the parties' choice of venue absent some compelling reason to the contrary. Bremen, 407 U.S. at 12. The Court also bears in mind that when construing a contract, every provision should be given effect and the words should be read with their ordinary meaning. Trader, Inc. v. Hernola Commodities, Inc., 766 F.2d 1007, 1014 (7th Cir.1985).

Plaintiff argues that the forum selection clause is too vague or ambiguous to render jurisdiction exclusively in Kane County, Illinois. Thus, the Court must determine whether the language used in the forum selection clause is permissive or mandatory. See Paper Express, Ltd. v. Pfankuch Maschinen GmbH, 972 F.2d 753, 755 (7th Cir.1992). If a forum selection clause specifies venue in obligatory language then it will be enforced as a mandatory provision on venue. Id. at 757. However, if the clause merely specifies a jurisdiction then it is interpreted as permissive, giving the parties only a choice in venue. Id. The court finds that the forum selection clause at issue here is mandatory because of the obligatory language written in the clause. Specifically, the clause states that the location of the agreement is in Kane County, Illinois, and that Kane County, Illinois "shall be proper." When a forum selection clause is prefaced with the language "shall be," this is an indication that venue is exclusive. Id. at 756. In Calanca v. DNS Mfg. Co., the court found a forum selection clause providing, in pertinent part, ". . . that proper forum for the resolution of such claims shall be the Circuit Court for Jackson County, Wisconsin" to be a mandatory venue selection provision. 157 Ill.App.3d 85, 86, 510 N.E.2d 21, 22, 109 Ill. Dec. 400, 401 (1st Dist. 1987). The court in Calanca rejected plaintiff's argument that "proper" merely meant "suitable" or "fitting," but not exclusive. Id. The court explained that such an interpretation would ignore the word "shall," which typically denotes that the stated forum is exclusive. Id. Thus, the Court finds that the clause in this case is clear and unambiguous as to the forum. Therefore the language is mandatory, rather than permissive.

Plaintiff next argues that because Kane County, Illinois is a county within the judicial district of the Northern District of Illinois, Eastern Division, venue is proper in this Court. Defendant argues, however, that because there is no federal court located in Kane County,

Illinois, the express reference to Kane County, Illinois could only have been intended to mean the state court in Kane County, Illinois. A forum selection clause that specifies venue in a county that has no federal court cannot reasonably be interpreted to permit suit in a federal court located in a different county. See Infinite Technology, Inc. v. Rockwell Electronic Commerce Corp., 2001 WL 527357 at *2 (N.D. Ill. May 16, 2001) (contract requiring suit to be brought in "courts of DuPage County, State of Illinois" could not be interpreted to include federal court located in Cook County, Illinois); Intermountain Systems, Inc. v. Edsall Construction Co., 575 F.Supp. 1195, 1197-98 (D.Col.1983) (interpreting a forum selection cause which mandated venue in Adams County, Colorado to include the federal district court for Colorado "would be a severe catachresis"). Moreover, venue in the federal system is stated in terms of judicial districts, not counties. Thus, where a forum selection clause merely designates a particular county, venue lies only in the state courts in that county. Accordingly, venue is improper in the Northern District of Illinois.

Plaintiff argues that the choice of venue provision clause is inapplicable to this case because the clause limits actions to Kane County, Illinois, "should any portion of this contract have to be legally enforced." Plaintiff maintains that it is not seeking to "enforce" the contract. Rather, Sompo, standing in the shoes of JVC, is seeking damages for defendant's breach of contract. That is a distinction without a difference. If there was not a legally enforceable contract, then there could be no cause of action for damages arising from the breach of that contract. Plaintiff also argues that the other claims in the Complaint are actions in tort or statute rather than contract and are not controlled by the forum selection clause. Allegations of common law tort theories based upon contractual obligations, although sounding in tort rather than

-4-

contract, are nonetheless defined by the contract. Eichengreen v. Rollins, Inc., 325 Ill.App.3d 517, 525, 757 N.E.2d 952, 959, 259 Ill. Dec. 89, 96 (1st Dist. 2001). The scope of the duty is determined by the terms of the contract. Id. The same reasoning applies to the claim under the Illinois Consumer Fraud and Deceptive Business Practices Act. The allegations in the claim are that JVC was a consumer of alarm protection services offered by ADS, that ADS represented, inter alia, that it would monitor the alarm system, that JVC relied upon those representations, and that the representations were false. The representations at issue are all contractual provisions of the contract. Thus, the forum selection clause applies to all of the claims in the Complaint.

Finally, plaintiff suggest that enforcement of the forum selection clause in the instant case would be unreasonable or unjust. In determining whether a forum selection clause is unreasonable, the Court applies the following six factors: (1) which law governs the formation and construction of the contract; (2) the residency of the parties; (3) the place of execution and performance; (4) location of the parties and witnesses; (5) inconvenience of the parties; and (6) whether the term was equally bargained for. Clinton v. Janger, 583 F.Supp. 284, 289 (N.D. Ill. 1984). First, Illinois state law affects and controls the formation and construction of the contract since there are no federal claims advanced in plaintiff's Amended Complaint. Second, defendant ADS is a resident of Kane County, Illinois and, while JVC is a domestic corporation headquartered in New York, it owns and operates its Midwest Distribution Center in Aurora, Illinois, making Kane County, Illinois an appropriate venue for this action. Third, it is undisputed that the place of execution of the contract is in Kane County, Illinois. Fourth, the location of the parties and witnesses are centered in or around Kane County, Illinois. Fifth, Kane County, Illinois is a more convenient forum for ADS is not a more inconvenient forum than this

Court for plaintiff Sompo. Finally, the equal bargaining power factor cannot be meaningfully contested by Sompo considering its subrogor, JVC, is an international corporation with far more resources and sophistication than ADS. Accordingly, enforcement of the forum selection clause at issue would not be unreasonable or unjust in this case.

## Conclusion

For the foregoing reasons, defendant's motion to dismiss plaintiff's Amended Complaint pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue is GRANTED.

Enter:

David H. Coar
United States District Judge

Dated: August 5, 2003